# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| BANK OF THE OZARKS, AS SUCCESSOR BY MERGER TO COMMUNITY & SOUTHERN BANK, </br></br> Plaintiff, </br></br> v. </br></br> STEINER BROTHER PROPERTIES LLC, BLUE HOSPITALITY, LLC, SCOTT C. RECHSTEINER AND CHRISTA M. RECHSTEINER, </br></br> Defendants. | CIVIL ACTION FILE NO. _____ |

## COMPLAINT FOR JUDGMENT ON PROMISSORY NOTE AND GUARANTIES

Bank of the Ozarks ("Plaintiff"), as Successor by Merger to Community & Southern Bank, files this Complaint seeking judgment in the amounts owed under defaulted promissory note and guaranties executed by the above-named Defendants. In support of its Complaint, Plaintiff respectfully shows this Court the following:

## Parties, Jurisdiction and Venue

### Plaintiff

1.

Plaintiff is a bank organized and existing under the laws of the State of Arkansas with its principal place of business in Little Rock, Arkansas. Plaintiff is the holder of the loan documents referenced herein as a result of the merger with Community & Southern Bank ("CSB").

### Defendants

2.

Steiner Brother Properties LLC ("Steiner Brother") is a Georgia limited liability company with its principal office address at 3987 Copperhead Road, SE, Acworth, Bartow County, Georgia 30102. Steiner Brother may be served with process by serving its registered agent, Christa Rechsteiner, at 3987 Copperhead Road, SE, Acworth, Bartow County, Georgia 30102, or wherever else it may be found.

3.

Blue Hospitality, LLC ("Blue Hospitality") is a Georgia limited liability company with its principal office address at 3987 Copperhead Road, SE, Acworth, Bartow County, Georgia 30102. Blue Hospitality may be served with process by

serving its registered agent, Christa Rechsteiner, at 3987 Copperhead Road, SE, Acworth, Bartow County, Georgia 30102, or wherever else it may be found.

4.

Scott C. Rechsteiner ("S. Rechsteiner") is a citizen of the State of Georgia, residing in Bartow County, Georgia and may be served with process at 3987 Copperhead Road, SE, Acworth, Bartow County, Georgia 30102, or wherever else he may be found.

5.

Christa M. Rechsteiner ("C. Rechsteiner") is a citizen of the State of Georgia, residing in Bartow County, Georgia and may be served with process at 3987 Copperhead Road, SE, Acworth, Bartow County, Georgia 30102, or wherever else she may be found.

**Jurisdiction and Venue**

6.

This Court has subject-matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, as Plaintiff and all Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.

This Court has personal jurisdiction over Defendants as S. Rechsteiner and

C. Rechsteiner reside within and are citizens of the State of Georgia and Steiner Brother and Blue Hospitality are Georgia companies.

8.

Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), as this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and is also a judicial district in which any defendant is subject to this Court's personal jurisdiction.

9.

As described in further detail below, by virtue of their execution of certain promissory note and guaranties, Steiner Brother, Blue Hospitality, S. Rechsteiner and C. Rechsteiner (collectively, the "Defendants") are joint obligors of the debt owed to Plaintiff. Accordingly, the Defendants are subject to the jurisdiction and venue of this Court pursuant to Article VI, § 2, Paragraphs IV and V of the Georgia Constitution and O.C.G.A. § 9-10-31.

## The Loan Documents

10.

Steiner Brother and Blue Hospitality executed that certain U.S. Small Business Administration Note dated April 9, 2015, payable by Steiner Brother and Blue Hospitality to CSB, in the original principal amount of $2,478,000.00 (as

amended, modified or renewed, the "Note"). A true and correct copy of the Note is attached hereto and incorporated herein by reference as Exhibit "1".

11.

As consideration for the loan described above, and to induce the extension of credit, S. Rechsteiner and C. Rechsteiner executed one or more Unconditional Guaranties (collectively, the "Guaranties") whereby they unconditionally guaranteed payment of all sums due under the Note, including accrued interest, late fees, and costs of collection, with attorneys' fees. On or about February 5, 2016, S. Rechsteiner and C. Rechsteiner executed those certain Confirmations of Guaranty (collectively, the "Confirmations of Guaranty") confirming that the Guaranties were in full force and effect. True and correct copies of the Guaranties and the Confirmations of Guaranty are collectively attached hereto and incorporated herein by reference as Exhibit "2" and Exhibit "3", respectively.

12.

As of March 30, 2018, the following amounts, in addition to attorneys' fees and costs as allowed in the Note, are due and owing under the Note and the Guaranties:

| Obligation | Outstanding Unpaid Balance | Principal | Interest | Fees/Charges | Per Diem interest after 3/30/18 |
|---|---|---|---|---|---|
| Note | $2,814,961.38 | $2,688,839.14 | $110,513.32 | $15,608.92 | $442.00 |

## The Default

13.

Under the Note, a default occurs when either Steiner Brother or Blue Hospitality fail "to make a payment when due under this Note ...".

14.

The Defendants defaulted under the Note and the Guaranties because they failed to pay the monthly installments, late fees and other charges and amounts due under the Note as and when due.

15.

By letter dated April 9, 2018, Plaintiff notified the Defendants of their defaults under the Note and the Guaranties and demanded full payment of the amounts due and owing thereunder (the "Demand Letter"). A true and correct copy of the Demand Letter and related delivery receipts are collectively attached hereto and incorporated herein by reference as Exhibit "4".

16.

Despite Plaintiff's demands, the Defendants failed to pay all amounts owed to Plaintiff under the Note and the Guaranties.

17.

Plaintiff has complied fully with all of its obligations under the Note and the Guaranties and all conditions precedent to the Defendants' obligation to repay the sums due under the Note and the Guaranties have been fulfilled or waived.

## COUNT I
## SUIT ON NOTE

18.

The allegations contained in paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

19.

Steiner Brother and Blue Hospitality are in default under the Note.

20.

Despite proper demand being made on Steiner Brother and Blue Hospitality for payment of the amounts owed under the Note, Steiner Brother and Blue Hospitality have refused and/or failed to make the payments required thereunder.

21.

Steiner Brother and Blue Hospitality are jointly and severally indebted to Plaintiff under the Note for unpaid principal in the amount of $2,814,961.38, accrued interest in the amount of $110,513.32 as of March 30, 2018, with additional interest to accrue from March 30, 2018 until the date of judgment at the rate of $442.00 per day, late fees and charges of $15,608.92, contractual and statutory attorneys' fees, and all other costs of collection under the terms of the Note, as amended or renewed.

22.

Steiner Brother and Blue Hospitality have been notified, and are hereby renotified, by Plaintiff that Plaintiff intends to enforce the provisions of the Note relative to the payment of attorneys' fees. Pursuant to the Note and O.C.G.A. § 13-1-11, Steiner Brother and Blue Hospitality have ten (10) days from the date of service of this Complaint upon them within which to pay all sums due under the Note without also being liable to Plaintiff for statutory attorneys' fees. Steiner Brother and Blue Hospitality can avoid the obligation to pay statutory attorneys' fees by paying all sums due under the Note within ten (10) days after service of this Complaint upon them. If Steiner Brother and Blue Hospitality fail to pay the sums due under the Note within ten (10) days of the service of the Complaint upon

them, however, Steiner Brother and Blue Hospitality shall be liable for Plaintiff's statutory attorneys' fees in addition to the sums due under the Note.

23.

The failure by Steiner Brother and Blue Hospitality to pay all sums due under the Note constitutes bad faith, and stubborn litigiousness, and has caused Plaintiff unnecessary trouble and expense, thereby entitling Plaintiff to recover its expenses of litigation, including attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

## COUNT II
## SUIT ON GUARANTIES

24.

The allegations contained in paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

25.

Steiner Brother and Blue Hospitality are in default under the Note.

26.

S. Rechsteiner and C. Rechsteiner are in default under the Guaranties.

27.

Despite proper demand being made on S. Rechsteiner and C. Rechsteiner for payment of the amounts owed under their Guaranties, S. Rechsteiner and C.

Rechsteiner have refused and/or failed to make the payments required thereunder.

28.

S. Rechsteiner and C. Rechsteiner are jointly and severally indebted to Plaintiff under the Guaranties for unpaid principal in the amount of $2,688,839.14, accrued interest in the amount of $110,513.32 as of March 30, 2018, with additional interest to accrue from March 30, 2018 until the date of judgment at the rate of $442.00 per day, late fees and charges of $15,608.92, contractual and statutory attorneys' fees, and all other costs of collection under the terms of the Note and the Guaranties, as amended or renewed.

29.

S. Rechsteiner and C. Rechsteiner have been notified, and are hereby renotified, by Plaintiff that Plaintiff intends to enforce the provisions of the Note and the Guaranties relative to the payment of statutory attorneys' fees. Pursuant to the Note, the Guaranties and O.C.G.A. § 13-1-11, S. Rechsteiner and C. Rechsteiner have ten (10) days from the date of service of this Complaint upon them within which to pay all sums due under the Note and the Guaranties without also being liable to Plaintiff for all attorneys' fees. S. Rechsteiner and C. Rechsteiner can avoid the obligation to pay statutory attorneys' fees by paying all sums due under the Guaranties within ten (10) days after service of this Complaint

upon them. If S. Rechsteiner and C. Rechsteiner fail to pay the sums due under the Note and the Guaranties within ten (10) days of the service of the Complaint upon them, S. Rechsteiner and C. Rechsteiner shall be liable for Plaintiff's statutory attorneys' fees in addition to the sums due under the Guaranties.

30.

S. Rechsteiner and C. Rechsteiner's failure to pay all sums due under the Note and the Guaranties constitutes bad faith, and stubborn litigiousness, and has caused Plaintiff unnecessary trouble and expense, thereby entitling Plaintiff to recover its expenses of litigation, including attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

### COUNT III (ALTERNATIVE CLAIM)
### UNJUST ENRICHMENT

31.

The allegations contained in paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

32.

The Defendants have benefitted, and have been unjustly enriched, through receipt and retention of loan funds that Steiner Brother and Blue Hospitality received from CSB under the Note.

33.

Plaintiff has been damaged by Defendants' conduct in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment jointly and severally against Steiner Brother and Blue Hospitality, jointly and severally (as to **Counts I and III**), and S. Rechsteiner and C. Rechsteiner, jointly and severally (as to **Counts II and III**), as follows:

(a) In the amount of $2,814,961.38, with interest accruing after March 30, 2018 at the *per diem* rate of $442.00 through the date of judgment as to the Note;

(b) For compensatory and actual damages as a result of Defendants' breach of the Note and the Guaranties;

(c) For contractual and statutory attorneys' fees pursuant to the Note, the Guaranties and O.C.G.A. §§ 13-1-11 and 13-6-11;

(d) For post-judgment interest as provided by law;

(e) For all costs of court; and

(f) For such other and further relief as this Court deems just and proper.

Respectfully submitted, this 26th day of April, 2018.

|  |  |
|---|---|
| ADAMS AND REESE LLP<br>Monarch Tower, Suite 1600<br>3424 Peachtree Road, N.E.<br>Atlanta, Georgia 30326-1164<br>Telephone: (470) 427-3700<br>Facsimile:  (404) 500-5975<br>ron.bingham@arlaw.com | By: /s/ Ron C. Bingham, II<br>RON C. BINGHAM, II<br>Georgia Bar No. 057240<br>JOHN A. THOMSON, JR.<br>Georgia Bar No. 706760 |

*Attorneys for Bank of the Ozarks, as Successor by Merger to Community & Southern Bank*

## CERTIFICATE OF COMPLIANCE

I, Ron C. Bingham, II, certify that the foregoing Complaint for Judgment on Promissory Note and Guaranties has been prepared in Times New Roman 14 font and is in compliance with United States District Court, Northern District of Georgia Local Rule 5.1.

This 26th day of April, 2018.

By: /s/ Ron C. Bingham, II
RON C. BINGHAM, II
Georgia Bar No. 057240

ADAMS AND REESE LLP
Monarch Tower, Suite 1600
3424 Peachtree Road, N.E.
Atlanta, Georgia 30326-1164
Telephone: (470) 427-3700
Facsimile:  (404) 500-5975
ron.bingham@arlaw.com

*Attorneys for Bank of the Ozarks, as Successor by Merger to Community & Southern Bank*