IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| BANK OF THE OZARKS,<br><br>     Plaintiff,<br><br>v.<br><br>STEINER BROTHERS<br>PROPERTIES, LLC, et al.,<br><br>     Defendant. | CIVIL ACTION FILE NO.<br>4:18-CV-0101-HLM |

## ORDER

This case is before the Court on the Court's January 24,

2019 Order [48] and on Plaintiff's Notice of Filing [49].

**I.    Background**

The Court incorporates the procedural background

portion of its January 24, 2019 Order into this Order as if set

forth fully herein, and it adds only those background facts that

are relevant to the instant Order.  (Order of Jan. 24, 2019

(Docket Entry No. 48) at 12-13.)  On January 24, 2019, the Court granted in part and denied in part Plaintiff's Motion for Summary Judgment.  (Id. at 27.)  The Court granted the Motion as to Defendants' liability for principal, interest, and late fees under the Note and Guaranties, and it found that Defendants were jointly and severally liable to Plaintiff in the amount of $2,920,670.89,[1] consisting of $2,688,839.14 in principal, $208,998.35 in interest as of November 26, 2018, $29,337.75 in interest from November 26, 2018 through January 24, 2019, and $22,833.40 in late fees and penalties. (Id.) The Court denied the Motion without prejudice as to the amount of attorney's fees, and it directed Plaintiff to submit an affidavit detailing the amount of attorney's fees incurred within fourteen days.  (Id. at 27-28.)

---

[1]    As discussed infra, this calculation was incorrect.  The correct total is $2,950,008.64.

2

On February 6, 2019, Plaintiff filed an Affidavit in support of its request for attorney's fees. (Notice of Filing (Docket Entry No. 49).) The briefing process for that matter is complete, and the Court finds that the matter is ripe for resolution. The Court further finds that no hearing is necessary. N.D. Ga. R. 7.1E.

## II. Discussion

The Note provided, in relevant part:

Without notice and without Borrower's consent, Lender may . . .

B. Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If Lender incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance.

(Compl. Ex. 1 (Docket Entry No. 1-1) at 3.) Likewise, the

Guaranties stated: "ENFORCEMENT EXPENSES.

Guarantor promises to pay all expenses Lender incurs to

enforce this Guarantee, including, but not limited to, attorney's

fees and costs." (Compl. Ex. 2 (Docket Entry No. 1-2) at 4, 9

(capitalization in original).) Thus, both the Note and the

Guaranties required Defendants to pay Plaintiff's expenses,

including attorney's fees and costs, incurred to enforce the

Notes and Guaranties.

O.C.G.A. § 13-1-11 provides, in relevant part:

(a) Obligations to pay attorney's fees upon any
note or other evidence of indebtedness, in addition
to the rate of interest specified therein, shall be valid
and enforceable and collectable as a part of such
debt if such note or other evidence of indebtedness
is collected by or through an attorney after maturity,
subject to subsection (b) of this Code section and to
the following provisions:

(1) If such note or other evidence of
indebtedness provides for attorney's fees in

4

some specific percent of the principal and interest owing thereon, such provision and obligation shall be valid and enforceable up to but not in excess of 15 percent of the principal and interest owing on said note or other evidence of indebtedness.

(2) If such note or other evidence of indebtedness provides for the payment of reasonable attorney's fees without specifying any specific percent, such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00; and

(3) The holder of the note or other evidence of indebtedness or his or her attorney at law shall, after maturity of the obligation, notify in writing the maker, endorser, or party sought to be held on such obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, endorser, or party sought to be held on said obligation has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees. If the maker, endorser, or party sought to be held on any such obligation shall pay the principal and interest in full before the expiration of such time,

then the obligation to pay the attorney's fees shall be void and no court shall enforce the agreement. The refusal of a debtor to accept delivery of the notice specified in this paragraph shall be the equivalent of such notice.

(b)   (1)  If, in a civil action, application of the provisions of paragraph (2) of subsection (a) of this Code section will result in an award of attorney's fees in an amount greater than $20,000.00, the party required to pay such fees may, prior to the entry of judgment, petition the court seeking a determination as to the reasonableness of such attorney's fees.

(2)  In response to a petition filed under paragraph (1) of this subsection, the party requesting the attorney's fees shall submit an affidavit to the court with evidence of attorney's fees, and the party required to pay such fees may respond to such affidavit.

(3)  The court may hold a hearing to decide the matter of attorney's fees or may award attorney's fees based on the written evidence submitted to the court. The amount of attorney's fees awarded shall be an amount found by the court to be reasonable and necessary for asserting the rights of the party requesting attorney's fees.

. . .

O.C.G.A. § 13-1-11. Defendants invoked O.C.G.A. § 13-1-11(b)(1) to require Plaintiff to prove the reasonableness of the attorney's fees sought.

Plaintiff presented evidence that it actually incurred a total of $40,258.37 in attorney's fees and expenses associated with this lawsuit. (Aff. of John A. Thomson, Jr. (Docket Entry No. 51-1) ¶ 7.) Plaintiff, however, requests that the Court award it $289,808.75 in statutory attorney's fees under the formula set forth in O.C.G.A. § 13-1-11(a)(2). (Notice of Filing at 2.)

Defendants dispute the reasonableness of the $289,808.75 request for attorney's fees, arguing that this amount is excessive given that "counsel for Plaintiff has set the value of [counsel's] services at less than $40,000." (Resp. Notice of Filing at 3.) In support of their argument, Defendants

contend that "[t]his is a relatively simple case that simply does not justify anything close to $289,808.75 in attorney's fees." (Id. at 8.) Plaintiffs argue that the Court should apply a lodestar approach to calculate the reasonableness of attorney's fees. (Id. at 5-8.)[2]

O.C.G.A. § 13-1-11(b)(1) was enacted in 2011, and it only applies to contracts entered into after July 1, 2011. Holiday Hospitality Franchising, LLC v. Holtsville Hospitality, LLC, Civil Action File No. 1:16-CV-828-TWT, 2018 WL 4924051, at *1 (N.D. Ga. Mar. 22, 2018). The Court located only one case that applied O.C.G.A. § 13-1-11(b)(1) to

---

[2] The Court does not interpret Defendants' response as arguing that the Court should reduce the award of attorney's fees and expenses below the amount of attorney's fees and expenses that Plaintiff actually incurred. In any event, as discussed infra, the Court finds that those fees and expenses were reasonably and necessarily incurred to prosecute this case.

8

determine the reasonableness of attorney's fees.[3]  In that

action, the court awarded the full amount of attorney's fees

calculated under O.C.G.A. § 13-1-11(a)(2), stating, "[b]ased

on the circumstances of this case and the arguments and

evidence submitted in connection with the instant motion, this

---

[3]    Admittedly, the Supreme Court of Georgia noted, with
respect to an earlier version of O.C.G.A. § 13-1-11, "[t]hat the
statutory formula applied to the debt in this case resulted in award
in excess of actual fees incurred does not provide a ground for
ignoring this mandatory statute or forbearing its enforcement."
Austin v. Bank of Am., N.A., 293 Ga. 42, 51, 743 S.E.2d 399, 406
(2013) (footnote omitted); see also Asma v. Wells Fargo Bank,
N.A., 571 F. App'x 848, 851 (11th Cir. 2014) (per curiam) ("[T]he
Georgia Supreme Court recently resolved any lingering doubt  by
recognizing and accepting the reality that the application of § 13-
1-11(a) will sometimes result in a windfall for lenders, particularly
where the damages awarded exceed the actual fees incurred."
(internal quotation marks and citation omitted)).  Although the
Court certainly respects those decisions, the decisions provide
little help here because they addressed contracts entered into
before the effective date of O.C.G.A. § 13-1-11(b).  Presumably,
if the Georgia legislature had agreed that awards of attorney's
fees calculated pursuant to the statutory formula were always
reasonable, there would have been no need to enact O.C.G.A. §
13-1-11(b).  Plaintiff's interpretation of O.C.G.A. § 13-1-11 would
effectively read O.C.G.A. § 13-1-11(b) out of the statute.

award of attorney's fees is reasonable and necessary for asserting the rights of the plaintiff." <u>Keybank Nat'l Ass'n v. Overend</u>, Civil Action No. 1:12-CV-2473-CAP, 2015 WL 13358359, at *3 (N.D. Ga. Oct. 21, 2015). The defendants in <u>Keybank</u>, however, had objected "only to the plaintiff's request for attorney's fees rendered in [a] Chapter 11 bankruptcy proceeding," not to the overall reasonableness of the fees sought. <u>Id.</u> at *2. <u>Keybank</u> thus provides little help to the Court.

With all due respect to Plaintiff and its counsel, the Court cannot agree that $289,808.75, the amount of attorney's fees produced under the statutory formula, would be reasonable and necessary for asserting Plaintiff's rights in this case. Importantly, Plaintiff makes no persuasive arguments why such an award would be reasonable. Instead, it simply relies on caselaw involving awards of attorney's fees under

contracts that predate § 13-1-11(b). Those cases, frankly, are not persuasive. If the legislature had intended for courts to award attorney's fees under the statutory formula in every case, there would be no need for § 13-1-11(b) to offer an opportunity for a defendant to petition a court for a determination as to the reasonableness of an attorney's fee award. Further, this case is a relatively simple suit for breach of a note and related guaranties. Plaintiff simply have not shown that an award of $289,808.75 is reasonable in this case. Instead, the Court finds that $40,258.37, the attorney's fees and expenses that Plaintiff actually incurred in this action, is the amount of fees and expenses that were reasonably and necessarily incurred to assert Plaintiff's rights in this case. The Court therefore awards that amount to Plaintiff under O.C.G.A. § 13-1-11(b).

## III. Conclusion

ACCORDINGLY, the Court finds that Plaintiff is entitled to summary judgment in its favor on Counts I and II of its Complaint in the amount of $2,990,267.01.[4] That amount includes $2,688,839.14 in principal, $238,336.10 in interest, $22,833.40 in late fees and penalties, and $40,258.37 in attorney's fees and expenses. The Court **DIRECTS** the Clerk to enter judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $2,990,267.01. As this Order resolves all of Plaintiff's claims, the Court **DIRECTS** the

---

[4]    The Court's January 24, 2019 Order contained an incorrect calculation of the amount owed under the Note and the Guaranties prior to the award of attorneys' fees and expenses. The Court erroneously listed the total amount due, not including attorneys' fees and expenses, as "$2,920,670.89." (Order of Jan. 24, 2019 at 27.) The correct amount is actually $2,950,008.64. The Court apologizes for the error.

12

Clerk to **CLOSE** this case.

IT IS SO ORDERED, this the 8 day of March, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE